UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 28 2019 ★

LONG ISLAND OFFICE

---------------------------------------------------------------X

GABRIEL COVINGTON,

                Plaintiff,

         -against-

TGI FRIDAYS, and FRIDAY KNIGHTS LLC,

              Defendants.

---------------------------------------------------------------X

**ORDER**
18-CV-01113 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

On December 28, 2017, *pro se* plaintiff Gabriel Covington ("plaintiff"), filed the

complaint in this action against defendants TGI Fridays and Friday Knights LLC ("defendants"),

alleging violations pursuant to Title VII of the Civil Rights Act of 1964 (p"Title VII") and New

York State Human Rights Law ("NYSHRL"). (Compl., Dkt. No. 2.) The case was transferred

from the Southern District of New York to the Eastern District of New York on February 21,

2018. (Dkt. No. 6.) Defendant Friday Knights LLC moved to dismiss the complaint on June 11,

2018. (Dkt. No. 16.) By Order dated October 10, 2018, the Court referred defendant's motion to

Magistrate Judge Tomlinson for a report and recommendation. (Dkt. No. 21.)

On January 7, 2019, Magistrate Judge Tomlinson issued a Report and Recommendation

(the "R&R"). (Dkt. No. 22.) The R&R recommended that the Court grant defendant's motion to

dismiss, and that plaintiff's complaint be dismissed without prejudice, with leave to amend. (*Id.*

at 17.) On January 31, 2019, plaintiff filed objections to the R&R ("plaintiff's objections").

(Dkt. No. 25.) On February 1, 2019, defendant Friday Knights LLC filed a memorandum in

opposition to plaintiff's objections. (Dkt. No. 26.) The Court has fully considered the parties'

submissions. For the reasons set forth below, the Court adopts the well-reasoned and thorough R&R in its entirety.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Plaintiff's Objections

Plaintiff objected to the R&R on the following grounds: (1) the R&R wrongly focuses on the fact that the plaintiff is African-American when his claim is based on his gender because it was the "only option that makes sense" (Dkt. No. 25 at 4); and (2) the R&R ignores the

circumstantial evidence (*i.e.*, "numbers" showing that he should have been promoted to "at least server trainer" and "inappropriate texts") that substantiates his claims. (*Id.* at 6.)

Plaintiff also requests that, in the event the Court adopts the R&R and grants defendant's motion to dismiss, he be granted leave to amend his complaint. (*Id.* at 7.)

## Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the R&R in their entirety.

In particular, the Court finds that the R&R applied the proper legal standard to plaintiff's Title VII and NYSHRL claims, and correctly concluded that the current allegations failed to state a plausible claim under Title VII or the NYSHRL. First, the R&R correctly determined that plaintiff failed to plausibly allege the existence of a causal connection between the protected activity and the adverse employment actions he alleges he suffered in order to establish a claim of retaliation. (*See* R&R at 10.) In other words, plaintiff did not plead any facts from which "the Court can infer the time frame in which the alleged sequence of events took place." (*Id.* at 11.) Second, the Court finds that the R&R correctly determined that plaintiff did not allege any facts to support a plausible failure to promote claim under Title VII. Specifically, plaintiff failed to plead that he even applied for a promotion and that positions were even available. (*Id.* at 12.) Third, the Court finds that the R&R correctly determined that plaintiff has not alleged sufficient factual circumstances in order to give rise to an inference of discriminatory intent. (*Id.* at 14.) Finally, the Court finds that the R&R correctly determined that plaintiff did not plead sufficient particularized facts in order to plausibly state a claim for a hostile work environment. (*Id.* at 15.) In short, after *de novo* review, the Court concludes that Magistrate Judge Tomlinson correctly

found that plaintiff's current allegations do not state a plausible claim under Title VII or the NYSHRL, and must be dismissed.

In reaching this conclusion, the Court has fully considered plaintiff's objections and determines that they do not point to any defects in the analysis or recommendations of the R&R. Specifically, plaintiff merely restates the conclusory and generalized arguments he made in his complaint. For example, plaintiff states that he was "not a frequent late server" and "was supposed to be a manager interviewing or promoted to at least server trainer." (*See* Dkt. No. 26 at 6.) Critically, plaintiff does not object to any of Magistrate Judge Tomlinson's legal analysis or application. Further, while plaintiff admits that his case is "hard to prove" (*id.* at 4), he provides no additional allegations to support a plausible claim. Plaintiff states that timesheets, reports, and inappropriate text messages substantiate his claim (*id* at 6), yet he provides no detail at all as to what they would demonstrate. The Court is unable to construe the objections in any way that undermines the well-reasoned and thorough analysis of the R&R. These arguments, which merely recharacterize the allegations in the complaint, were thoroughly and correctly reviewed by Magistrate Judge Tomlinson. As a result, the Court agrees with the R&R and dismisses plaintiff's claims.

The Court also agrees with the R&R that plaintiff should be given leave to replead. Mindful of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint. *See, e.g., Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) ("When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."); *see also Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the

4

district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them."). Plaintiff suggested in his objections that he has additional allegations and documents to support his claims (including a gender discrimination claim) and he should be given the opportunity to provide those details in support of a plausible claim or claims under Title VII and the NYSHRL.

In light of the foregoing, the Court adopts the analysis and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss (Dkt. No. 16) is granted, and the claims are dismissed without prejudice. IT IS FURTHER ORDERED that plaintiff is granted leave to amend his complaint. Plaintiff shall file the amended complaint by April 19, 2019.

SO ORDERED.

S/ JOSEPH F BIANCO

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:     February 26, 2019
           Central Islip, NY